**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD MILLER,** | : | **CIVIL ACTION NO. 1:12-CV-00520** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **EUGENE BERDANIER**, et al., | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the court is a motion to strike the amended complaint filed

pursuant to the provisions of 42 U.S.C. § 1983 by plaintiff Edward Miller, an inmate

currently incarcerated at the State Correctional Institution in Camp Hill,

Pennsylvania ("SCI-Camp Hill").  (Doc. 38.)  For the reasons that follow, the motion

to strike (Doc. 38) will be granted and plaintiff will be directed to file an amended

complaint.

In his original complaint, plaintiff named as defendants the following prison

officials from the Schuylkill County Prison in Pottsville, Pennsylvania, his former

place of confinement: Eugene Berdanier, the warden of Schuylkill County Prison,

and Ashley Mroczka and Deborah Wilson, D.O., two health care providers at the

facility.  (Doc. 1.)  Plaintiff alleged that while incarcerated at the prison in

December 2011, he witnessed the death of an inmate housed in the medical

department.  (<u>Id</u>.)  He claims that he subsequently asked to be seen by mental

health counselor Mroczka, but she refused treatment.  (<u>Id</u>.)  He also made general

allegations that he is in fear of being treated by the medical department for a tumor found in his right lung.  (Id.)

After service of the complaint was directed upon the defendants named therein,[1] (Doc. 7), defendants Mroczka and Wilson filed a motion to dismiss the complaint on May 2, 2012 (Doc. 10).  Further, on June 20, 2012, defendant Berdanier filed a motion to dismiss or, in the alternative, for summary judgment.  (Doc. 22.)

Prior to disposition of these motions, plaintiff filed a motion for leave to amend his complaint.  (Doc. 26.)  In his motion, plaintiff requested leave to amend the complaint in order to name an additional defendant and assert a claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  (See id.)  By order dated July 3, 2012, the court granted plaintiff's motion for leave to amend his complaint and directed him to file an amended complaint on or before August 2, 2012.[2]  (Doc. 31.)  After being granted an extension of time, (Doc. 35), plaintiff filed an amended complaint on August 15, 2012.  (Doc. 36.)  However, rather than being a new pleading which stands by itself, the amended complaint appears to be a supplement to plaintiff's original allegations.  For example, plaintiff does not set forth any allegations with respect to

---

[1] This case was originally assigned to the Honorable Sylvia H. Rambo. However, on June 20, 2012, Judge Rambo issued an order recusing herself from this action.  (Doc. 20.)  On that same date, the case was reassigned to the undersigned judge.  (See Doc. 21.)

[2] Also in that order, due to the court's granting leave to amend the complaint, Defendants' motions to dismiss were dismissed without prejudice.  (See Doc. 31.)

his previously-named defendants, despite indicating that he would like them to remain on the docket.  Instead, plaintiff seeks to add defendant Paula Dillman-McGowan by vaguely alleging that she conspired with the previously-named defendants and "know[s] of all allegations."  (Doc. 36.)  He further alleges that defendants violated his Eighth Amendment right to be free of cruel and unusual punishment when they transferred him to the SCI-Camp Hill before the scheduled surgery on his tumor.  (Id.)

On August 16, 2012, defendants filed the instant motion to strike.  (Doc. 38.)  In the motion, defendants argue that the amended complaint should be stricken because it does not comply with Federal Rule of Civil Procedure 8.  As a result, defendants ask that the court strike the amended complaint and direct plaintiff to file an amended complaint that comports with Rule 8.  After careful review of the amended complaint, the court will grant the motion to strike and direct plaintiff to file an amended complaint that comports with the Federal Rules of Civil Procedure.

In preparing his second amended complaint, plaintiff is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation

3

of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id.; see also Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). "A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMA Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. See, e.g., Rizzo v. Goode, 423 U.S. 362, 370–73 (1976).

4

Finally, plaintiff's amended complaint should be limited with respect to only those defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all defendants and claims.  <u>See</u> Fed. R. Civ. P. 20(a).  Plaintiff should file separate actions as to any defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

ACCORDINGLY, this 22nd day of August, 2012, it is hereby ORDERED that:

1.   The motion to strike the amended complaint (Doc. 38) is GRANTED. Plaintiff's amended complaint (Doc. 36) is STRICKEN.

2.   Plaintiff is directed to file an amended complaint, utilizing the enclosed civil rights form, on or before September 6, 2012.  The amended complaint must comport with the instructions set forth herein, or otherwise shall be dismissed for failure to comply with this order.

3.   Failure to timely file an amended complaint will result in dismissal of this action.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge