# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD MILLER,** : | **CIVIL ACTION NO. 1:12-CV-00520** |
| Plaintiff : | |
| : | **(Judge Conner)** |
| v. : | |
| **EUGENE BERDANIER, et al.,** : | |
| Defendants : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Edward Miller, an inmate currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), commenced this civil action with a complaint filed on March 21, 2012, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) In his complaint, plaintiff named as defendants the following prison officials from the Schuylkill County Prison in Pottsville, Pennsylvania, his former place of confinement: Eugene Berdanier, the warden of Schuylkill County Prison, and Ashley Mroczka and Deborah Wilson, D.O., two health care providers at the facility. (Id.) Plaintiff alleged that while incarcerated at the prison in December 2011, he witnessed the death of an inmate housed in the medical department. (Id.) He claims that he subsequently asked to be seen by mental health counselor Mroczka, but she refused treatment. (Id.) He also made general allegations that he is in fear of being treated by the medical department for a tumor found in his right lung. (Id.)

After service of the complaint was directed upon the defendants named therein,[1] (Doc. 7), defendants Mroczka and Wilson filed a motion to dismiss the complaint on May 2, 2012 (Doc. 10). Further, on June 20, 2012, defendant Berdanier filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 22.)

Prior to disposition of these motions, plaintiff filed a motion for leave to amend his complaint. (Doc. 26.) In his motion, plaintiff requested leave to amend the complaint in order to name an additional defendant and assert a claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (See id.) By order dated July 3, 2012, the court granted plaintiff's motion for leave to amend his complaint and directed him to file an amended complaint on or before August 2, 2012.[2] (Doc. 31.) After being granted an extension of time, (Doc. 35), plaintiff filed an amended complaint on August 15, 2012, (Doc. 36). However, rather than being a new pleading which stands by itself, the amended complaint appeared to be a supplement to plaintiff's original allegations. As a result, on August 16, 2012, defendants filed a motion to strike the amended complaint, arguing that it did not comport with Federal Rule of Civil Procedure 8. (Doc. 38.) After careful review of the amended complaint, by order

---

[1] This case was originally assigned to the Honorable Sylvia H. Rambo. However, on June 20, 2012, Judge Rambo issued an order recusing herself from this action. (Doc. 20.) On that same date, the case was reassigned to the undersigned judge. (See Doc. 21.)

[2] Also in that order, due to the court's granting leave to amend the complaint, Defendants' motions to dismiss were dismissed without prejudice. (See Doc. 31.)

2

issued on August 23, 2012, the court granted the motion to strike and directed plaintiff to file an amended complaint that comports with the Federal Rules of Civil Procedure on or before September 6, 2012. (Doc. 40.) The court also warned plaintiff that failure to timely file an amended complaint that comports with the court's instructions would result in dismissal of this action for failure to comply with a court order. (Id.)

Plaintiff did not file an amended complaint by September 6, 2012, in accordance with the court's order. Rather, on September 21, 2012, the court received a letter from plaintiff indicating that he had not received any mail since August 16, 2012. (Doc. 41.) Further, on September 26, 2012, plaintiff filed a motion for an extension of time in which to file an amended complaint. (Doc. 42.) As a result, on September 27, 2012, the court issued an order directing the Clerk of Court to forward to plaintiff a copy of the court's August 23, 2012 order; granting plaintiff's motion for an extension of time; and, directing him to file an amended complaint on or before October 12, 2012. (Doc. 43.) The court again warned plaintiff that failure to timely file an amended complaint would result in dismissal of this action. (Id.)

Plaintiff failed to comply with the court's September 27, 2012 order and file an amended complaint by October 12, 2012. However, on November 8, 2012, the court, sua sponte, issued an order granting plaintiff an extension of time until November 23, 2012, to file his amended complaint. (Doc. 44.) Even with this extension, Plaintiff failed to comply with the court's order and file an amended complaint by November 23, 2012. Instead, on November 27 and December 6, 2012,

plaintiff filed letters with the court requesting docket entries. (Docs. 45 & 46.) In his December 6, 2012 request, plaintiff stated that he had not heard from the court since September. (Doc. 46.)

On December 17, 2012, plaintiff filed a motion to reconsider the appointment of counsel and an "affidavit for reconsideration of amended complaint," construed by the court as a second motion for an extension of time to file an amended complaint nunc pro tunc. (Docs. 47 & 48.) In the motion to amend the complaint, plaintiff states that he was at the Montgomery County Prison between October 26 and November 16, 2012, and thus did not receive the court's orders until December 7, 2012. (Doc. 48.) He also indicates that he was in the infirmary for cancer testing from October 22 through 25, 2012. (Id.) In his motion for reconsideration of appointment of counsel, plaintiff indicates that he will be undergoing surgery at some point, which will hinder his ability to properly maintain his claims against defendants. (Doc. 47.)

In response to these motions, defendants have filed briefs arguing that plaintiff's motions should be denied because he has offered no explanation as to why he was unable to file an amended complaint before October 12, 2012, or why he is now unable to file an amended complaint save expected treatment for his cancer. (Docs. 49 & 50.) Specifically, defendants state, "While the Responding Defendants are mindful of Plaintiff's alleged medical condition, the same does not excuse his continued course of non-compliance with this Court's Orders nor the lengthy delays in this meritless litigation." (Doc. 49 ¶ 32; Doc. 50 ¶ 34.) In the alternative to

4

dismissal, defendants request that the court issue an order granting plaintiff a modest extension of time to file an amended complaint which, if not met, would prompt defendants to file a motion to dismiss the action for failure to prosecute or a renewed motion to dismiss the original complaint. (Doc. 49.) Plaintiff has not replied to these responses.

After careful consideration of plaintiff's motions and responses thereto, as well as the lengthy delays in this litigation due to plaintiff's failure to comply with the court's orders related to the filing of an amended complaint, but remaining cognizant of plaintiff's alleged medical condition, the court will grant plaintiff a <u>final</u> modest extension of time to file an amended complaint. However, without an indication as to when plaintiff is to undergo surgery and the nature of such surgery and recovery therefrom, the court will not reconsider appointment of counsel at this time. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either <u>sua</u> <u>sponte</u> or upon motion of plaintiff.

ACCORDINGLY, this 15th day of January, 2013, it is hereby ORDERED that:

1. The motion for an extension of time to file an amended complaint <u>nunc pro tunc</u> (Doc. 48) is GRANTED. Plaintiff is directed to file an amended complaint, utilizing the enclosed civil rights form, on or before February 13, 2013. The amended complaint must comport with the instructions set forth in the court's August 23, 2012 order (Doc. 40).

2. Should plaintiff fail to timely file an amended complaint, the court will consider a motion to dismiss this action for failure to prosecute or a renewed motion to dismiss the original complaint, if so filed by defendants.

3. The motion for reconsideration of appointment of counsel (Doc. 47) is DENIED.

          <u>S/ Christopher C. Conner</u>
          CHRISTOPHER C. CONNER
          United States District Judge