# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD MILLER,** | : | CIVIL ACTION NO. 1:12-CV-00520 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **EUGENE BERDANIER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of May, 2013, upon consideration of plaintiff's motion (Doc. 71) for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, which is an extraordinary remedy that should be granted, in the court's discretion, only if a plaintiff demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the public interest, Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009) (citing McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 356-57 (3d Cir. 2007), and this court recognizing that because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution, Rush v. Correctional Med. Services, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)), and it appearing that plaintiff seeks an order directing medical staff at SCI-Pittsburgh, plaintiff's current place of incarceration, to consult with outside medical professionals on plaintiff's

cancer and treatment, and it further appearing that such a request bears no relation to the action pending[1] and, therefore, is an impermissible basis for seeking injunctive relief as the issuance of a preliminary injunction is to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit, Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir. 1994), it is hereby ORDERED that plaintiff's motion for a preliminary injunction (Doc. 71) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] See, e.g., Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); Spencer v. Stapler, Civ. No. 04-1532, 2006 WL 2052704, at *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events that are unrelated to the subject of his complaint and concerns conduct of persons other than the named defendants); Westbank Yellow Pages v. BRI, Inc., Civ. No. 96-1128, 1996 WL 255912, at *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action); Williams v. Platt, No. Civ-03-281-C, 2006 WL 149024, at *2 (W.D. Okla. Jan. 18, 2006) (concluding that a preliminary injunction "would be inappropriate to address wrongs wholly unrelated to the complaint").